IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SHONDRA WILLIAMS,<br>Plaintiff, | §<br>§<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. 4:19-cv-370 |
| THE KROGER CO.,<br>Defendant. | §<br>§ | |

**DEFENDANT'S SWORN RESPONSE TO THE COURT'S
ORDER TO SHOW CAUSE**

Defendant The Kroger Co. files this Sworn Response to the Court's Order to Show Cause (Doc. 14):

**I.
DEFENDANT'S COMPLIANCE WITH THE COURT'S ORDER REGARDING
DEFENDANT'S MOTION TO COMPEL**

Defendant filed its Motion to Compel on January 28, 2020 (Doc. 12). In response, the Court issued its Order Regarding Defendant's Motion to Compel on January 29, 2020 (Doc. 13).

Following receipt of that Order, and to comply with same, counsel for Defendant made numerous attempts to contact Plaintiff's counsel to discuss the outstanding discovery dispute. Specifically, Counsel for Defendant, Hope Miranda, attempted to contact Plaintiff's Counsel by phone on January 29, 2020, and January 31, 2020, each time receiving no answer and no return call. Ms. Miranda again attempted to contact Plaintiff's Counsel by phone on February 4, 2020, again receiving no answer and no return call. Ms. Miranda then sent an email to Plaintiff's Counsel on February 4, 2020, requesting that Plaintiff's Counsel confer regarding the Court's

Order Regarding Defendant's Motion to Compel (Doc. 13).[1] When no responsive email was received, Ms. Miranda again attempted to contact Plaintiff's Counsel by phone on February 6, 2020 and February 7, 2020, yet again receiving no answer and no return call.

Defendant's understanding of the Court's Order Regarding Defendant's Motion to Compel (Doc. 13) is that Defendant was only required to file additional or amended documents with the Court no later than February 7, 2020, under two circumstances: (1) if the discovery dispute had been resolved completely; or (2) if the discovery dispute had been only partially resolved. In this case, nothing had been resolved because all of Defendant's Counsel's attempts to communicate with Plaintiff's Counsel had been unsuccessful and gone unanswered. Therefore, all the discovery issues outlined in Defendant's Motion to Compel (Doc. 12) remained outstanding and unresolved. It was Defendant's understanding that if none of the discovery disputes had been resolved, Plaintiff had a duty to respond to Defendant's Motion to Compel no later than February 10, 2020. Defendant then would have the opportunity to file its reply to any response filed by Plaintiff. Plaintiff failed to file a response.

In its Order to Show Cause (Doc. 14), the Court expressed concern that neither party submitted additional information in response to the Court's Order Regarding Defendant's Motion to Compel (Doc. 13). Defendant assures the Court that it has never sought to disregard any order issued by the Court. Defendant represents that the only reason no additional documentation was filed by Defendant in response to the Order Regarding Defendant's Motion to Compel (Doc. 13) was because it believed that no response was required on its part since none of the discovery

---

[1] *See* Email dated February 4, 2020, a true and correct copy of which is attached hereto as Exhibit A.

disputes had been resolved and its initial motion still applied in its entirety. For that same reason, Defendant would request it not be sanctioned because Defendant did not intentionally disregard the Court's Order, but instead, attempted to fully comply based on its understanding of the plain text of that Order (Doc. 13).

## II.
## UPDATE ON CURRENT STATUS OF CASE

Defendant removed this case to this Court on May 2, 2019. The Parties filed their Joint Report on June 4, 2019. Defendant then served its Initial Disclosures on July 30, 2019. Plaintiff never served her Initial Disclosures. Defendant then served discovery requests to Plaintiff on August 6, 2019. Plaintiff failed to timely respond. Defendant attempted to follow up on its written discovery and to depose Plaintiff by seeking dates of availability for such deposition on at least twenty separate occasions, without success. Each time, Plaintiff's counsel failed to respond to Defendant's correspondence or attempts to communicate by phone.

Defendant, after repeatedly attempting to resolve the discovery disputes without Court intervention, filed its Motion to Compel. Currently, Defendant has received no information from Plaintiff regarding her claims and alleged damages, other than that which is outlined in her Original Petition. Defendant believes it has made a good faith effort to conduct discovery, gather information and attempt to progress this litigation while at the same time refraining from violating any ethical rules regarding communication with Plaintiff in light of the fact that she was still represented by counsel.[2]

---

[2] Plaintiff's counsel represented to Defendant's counsel in September 2019 that he would be withdrawing from the case. However, Plaintiff's counsel never took any further action until he finally filed his Motion to Withdraw on February 18, 2020.

Defendant has also communicated with the court-appointed mediator to schedule mediation so as to comply with this Court's Order (Doc. 11) regarding mediation, which requires the Parties to mediate by April 22, 2020. No response regarding available dates has been received from Plaintiff's counsel to date.[3]

## III.
## DEFENDANT'S COUNSEL'S COMPLIANCE WITH THE COURT'S ORDER TO SHOW CAUSE

Pursuant to the Court's Order to Show Cause, Defendant's Counsel of record attach hereto (as Exhibit B) their sworn affidavits certifying that, pursuant to the Court's Order, they have read, understand and will comply with:

a. *Dondi Properties Corp. v. Commerce Savings & Loan Assoc.*, 121 F.R.D. 284 (N.D. Tex. 1988);
b. Local Civil Rules of the United States District Court for the Northern District of Texas;
c. the Texas Lawyer's Creed; and
d. the Texas Rules of Professional Conduct.

## IV.
## CONCLUSION

**WHEREFORE, PREMISES CONSIDERED**, Defendant prays that this Court find that Defendant did not affirmatively ignore any order of this Court or violate any legal or ethical requirements for practice in the Northern District of Texas, refrain from sanctioning Defendant, dismiss this action due to Plaintiff's failure to comply with this Court's Order, and for any other relief for which this Court finds Defendant to be justly entitled.

---

[3] Plaintiff's counsel filed a Motion to Withdraw (Doc. 15) on February 18, 2020.

Respectfully submitted,

/s/ Hope Zimlich Miranda

**B. Kyle Briscoe**
State Bar No. 24069421
kbriscoe@peavlerbriscoe.com
**Hope Zimlich Miranda**
State Bar No. 24084146
hmiranda@peavlerbriscoe.com
**PEAVLER|BRISCOE**
2215 Westgate Plaza
Grapevine, Texas 76051
214-999-0550 (telephone)
214-999-0551 (fax)

**ATTORNEYS FOR DEFENDANT**

## SWORN VERIFICATION

| | |
|---|---|
| **STATE OF TEXAS** | § |
| | § |
| **COUNTY OF TARRANT** | § |

Before me, the undersigned authority, did personally appear Hope Zimlich Miranda who, upon her oath, deposes and says that she is one of the attorneys of record for Defendant, that she has never been convicted of a disqualifying crime, and that she is over the age of 18 and competent to make this verification. Accordingly, Hope Zimlich Miranda verifies that the facts alleged in Sections I and II of the foregoing motion are within her personal knowledge and are true and correct.

_____
Hope Zimlich Miranda

Subscribed and sworn to before me on this 18th day of February, 2020.

_____
NOTARY PUBLIC in and for the State of Texas

STEPHANIE MACDONALD
Notary Public, State of Texas
Comm. Expires 11-20-2021
Notary ID 131357315

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record pursuant to and in accordance with the Federal Rules of Civil Procedure on February 18, 2020.

/s/ Hope Zimlich Miranda
Hope Zimlich Miranda
